Garvis SELLS, Plaintiff,

v.

INTERNATIONAL HARVESTER CO., INC., Defendant-Appellant,

v.

BROOKSIDE CORP., Defendant-Appellee

No. 74–4196

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 29, 1975.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Samuel M. McMillan, Mobile, Ala., for defendants-appellants.

Robert H. Smith, Mobile, Ala., for appellee.

Paul D. Owens, Jr., Brewton, Ala., for Sells.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

On June 29, 1972 Garvis Sells was driving a truck at or near the intersection of Alabama Highway 21 and Interstate Highway 65 when a fan blade broke off from the engine, penetrated the floorboard, and severely cut Sells' foot. He sued the truck manufacturer, International Harvester Co., and the fan blade manufacturer, Brookside Corporation. International Harvester cross-claimed against Brookside for indemnity. Both Sells and International Harvester served Brookside under the Alabama Long-Arm Service Statute, and Brookside filed motions to dismiss both the complaint and cross-complaint for lack of in personam jurisdiction. The district court dismissed Sells' claim against both defendants with prejudice when the parties reached a settlement agreement. It then granted Brookside's motion to dismiss for lack of jurisdiction in the cross action. International Harvester now appeals, claiming that the trial court erred in dismissing the cross action. We find merit in International Harvester's position and reverse.

This court has considered the Alabama substituted service statute in the past, and noted that it extends to the limits of due process. "The Supreme Court of Alabama has consistently recognized that the issue of jurisdiction pursuant to substituted service of process under Alabama's long-arm statute is not controlled by state law but rather poses a federal question of whether subjection of the nonresident defendant to the sovereignty of Alabama comports with federal due process." King & Hatch, Inc. v. Southern Pipe & Supply Co., 435 F.2d 43, 44 (5th Cir. 1970). See In re Martin, 281 Ala. 135, 199 So.2d 836 (1967); New York Times Co. v. Sullivan, 273 Ala. 656, 144 So.2d 25 (1962), rev'd on other gds., 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1963); Boyd v. Warren Paint & Color Co., 254 Ala. 687, 49 So.2d 559 (1950). Where, as here, a manufacturer sells its product to a national distributor, knowing the product will be used in all states, it does not violate due process to require the manufacturer to defend a products liability suit in that state where the accident occurs. See Mack Trucks, Inc. v. Arrow Aluminum Castings Co., 510 F.2d 1029 (5th Cir. 1975); Coulter v. Sears

Roebuck, Inc., 426 F.2d 1315 (5th Cir. 1970). Since the Alabama long-arm statute extends to due process limits, the district judge improperly dismissed International Harvester's cross-claim for lack of jurisdiction. Therefore we reverse and remand for consideration of the merits of the cross-claim.