The issue in this case is whether Key Ford, the defendant, had sufficient minimum contacts in Alabama to satisfy the due process clause so as to subject them to defend this civil action in the Alabama courts.
The plaintiffs sued Key Ford averring that the parties were negotiating the sale of a pickup truck by the defendant to them, that, in such negotiations, the defendant falsely represented to them that the truck's mileage was 34,316, when the actual true mileage was 134,316, which false misrepresentation was believed by the plaintiffs, and that, in reliance thereon, the plaintiffs purchased the truck to their damage.
Key Ford's motion to dismiss and/or quash service of process, together with their affidavit in support of their motion, alleged that Key Ford is and was a Florida corporation, that the vehicle was sold to the plaintiffs at defendant's business location in Pensacola, Florida, where all aspects of the transaction giving rise to this case were conducted, none of the transaction having occurred in the State of Alabama, and that the defendant is not and was not then doing business within the State of Alabama.
The counter-affidavit of Mr. Garrett, one of the plaintiffs, was that he had watched a certain television program whereby Key Ford through its manager invited the people of Atmore, Alabama, and of surrounding Alabama counties, to come to Pensacola and to buy or trade automobiles with them. He further stated that, during the preceding four years, he had bought three vehicles from the defendant and has received numerous cards and letters directed both to his address and only to Box Holder to bring *Page 924 
his cars to them for service or soliciting the purchase of vehicles from them. At the time that the truck was bought, the defendant informed him that, since he was a resident of Alabama, Key Ford would, and did, collect the Alabama sales tax on the vehicle and they assured him that they would prepare and forward the necessary papers in order to obtain an Alabama title for the truck, that all transactions securing that title were arranged by the defendant, that Key Ford had known for four years that he was a resident of Alabama, and that, when the truck was sold, they knew that he lived in Alabama and intended to use it in Escambia County, Alabama.
The learned trial judge granted the defendant's motion, dismissing the cause and quashing service of process because of lack of jurisdiction.
No mechanical formula may determine this issue, but the answer, in each case, comes from the facts in that particular litigation. Mann v. Frank Hrubetz Co., Inc., Ala.,361 So.2d 1021 (1978). However, certain legal guidelines have been enunciated by cases construing the federal due process clause.
ARCP rule 4.2 (a)(2)(A-I) codified existing statutory and case law concerning jurisdiction over nonresident defendants. The length of the "long arm" authorized by that rule is limited only by the permissible limits of due process. Semo Aviation v.Southeastern Airways Corp., Ala., 360 So.2d 936 (1978). The issue of jurisdiction pursuant to that rule "poses a federal question of whether subjection of a nonresident corporation to the jurisdiction of Alabama courts comports with federal due process." DeSotacho, Inc. v. Valnit Industries, Inc., Ala.,350 So.2d 447, 449 (1977).
The latest United States Supreme Court case upon that question is World-Wide Volkswagen Corp. v. Woodson,444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), wherein the current law upon the issue is summarized as follows:
 As has long been settled, and as we reaffirm today, a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum State. International Shoe Co. v. Washington, supra [326 U.S. 310], at 316, 66 S.Ct. [154], at 158, [90 L.Ed. 95]. The concept of minimum contacts, in turn, can be seen to perform two related, but distinguishable, functions. It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.
 The protection against inconvenient litigation is typically described in terms of "reasonableness" or "fairness." We have said that the defendant's contacts with the forum State must be such that maintenance of the suit "does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, supra, at 316, 66 S.Ct. at 158, quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). The relationship between the defendant and the forum must be such that it is "reasonable . . . to require the corporation to defend the particular suit which is brought there." 326 U.S., at 317, 66 S.Ct., at 158. . . .
. . . .
 . . . [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. . . .
 . . . Hence if the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others. The forum State does not exceed its powers under the Due Process Clause if it asserts *Page 925 
personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State. Compare Gray v. American Radiator Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961).
100 S.Ct. at 564, 567.
"The ultimate test of in personam jurisdiction is `reasonableness' and `fairness' and `traditional notions of fair play and substantial justice.'" Oswalt v. Scripto, Inc.,616 F.2d 191, 200 (5th Cir. 1980). That case merely restated the rule announced in the leading case of International ShoeCo. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154,90 L.Ed. 95 (1945), that an in personam judgment may be rendered against a nonresident if he has certain minimum contacts so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."326 U.S. at 316, 66 S.Ct. at 158.
This is a difficult case and reasonable minds may differ as to whether the requisite minimum contact exists.
It is perfectly legitimate, as well as being consistent with good business practice, for a local or regional seller of goods in its television advertisements to pointedly seek customers from a named city or locality in an adjoining state. When a seller so specifically advertises, when they also solicit purchasers of their product by especially addressed mail as well as that directed to box holders, when they sell a product to a nonresident neighbor with knowledge that it will be utilized in that person's state of residence, and when, as here, the product happens to be a motor vehicle upon which they prepare and obtain the proper title instruments from the purchaser's home state, the minimum contact requirements have been met. Under these circumstances, Key Ford could have reasonably anticipated being sued in Alabama for the alleged fraud or misrepresentation. The courts of either Florida or Alabama could conveniently, expeditiously and efficiently dispose of the controversy. It does not appear that any appreciable inconvenience would be suffered by either party by a trial of this case in either state. Neither forum is distant as to either party. Had the defendant been sued in Florida, that state's courts would have had jurisdiction, but the two states have concurrent jurisdiction, for it is not unreasonable to authorize the disposition of the case through Alabama's courts. It is no longer true that the issue is sometimes determined by whether the defendant is "doing business" in Alabama or whether his action "accrued" here. Semo Aviation v.Southeastern Airways Corp., supra. Now, the focus is not on the defendant's presence in Alabama, but upon whether, under these facts, it had such contact with Alabama as to make it reasonable to require Key Ford to defend this civil action in Alabama. International Shoe Co. v. State of Washington, supra.
The judgment of the trial court has no presumption of validity as argued by the defendant, for none of the evidence was heard orally, the only matters to be considered being in writing, that is, the complaint, the motion to dismiss and the affidavit filed by each party. 2A Ala. Digest, Appeal Error
key 1008.3.
We hold that Key Ford had the requisite minimum contacts to the extent that subjecting them to the jurisdiction of Alabama courts does not violate the due process clause. Therefore, the trial court erred in granting the motion of Key Ford, in dismissing the complaint and in quashing service upon the defendant. The judgment of the circuit court is reversed and this cause is remanded to that court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.
 *Page 1