This products liability case involves the application of A.R.Civ.P. 4.2 — Alabama's "long-arm" rule. Plaintiff/Appellant Alabama Power Company (APCo) complains that Defendant/Appellee Metro Manufacturing Company negligently fabricated two steel trusses that were delivered to the Joseph M. Farley Nuclear Plant in Columbia, Alabama.
Metro's motion to dismiss for lack of in personam
jurisdiction was granted. Following the denial of its timely filed motion to reconsider, APCo appeals.
Metro is a Minnesota corporation engaged in the steel fabrication business. Its place of business is St. Paul, where it employs less than 15 people. Metro is not licensed nor qualified to do business in Alabama. Metro does not have any officers, directors, or employees in Alabama, nor does it have any real or personal property in Alabama. It has never transacted business in Alabama; and it does not actively solicit business from Alabama.
In February 1981, Metro contracted with VSL Corporation to fabricate a portion of *Page 328 
two platform support trusses. VSL's place of business, as reflected by the purchase order, is Burnsville, Minnesota. The purchase order makes no reference to any other place of business or to any other purchaser of the product.
Fabrication by Metro included welding on the trusses; it is this welding that is alleged to be defective. The trusses were delivered to the Farley Nuclear Plant in the spring of 1981 and placed into service almost immediately.
The original specifications in the VSL-Metro contract listed "Philadelphia Electric Company" in the title block. The final specifications listed the J.M. Farley Nuclear Plant in the title block, but did not indicate the plant's location. The finished trusses (completed by VSL at Metro's factory) were placed on VSL's trucks and shipped to Alabama by VSL. Metro became aware of the final destination of the trusses when the bill of lading, consigning the trusses to APCo, arrived at Metro.
James R. Fox, the president of Metro, testified that, prior to shipment of the trusses, he knew that their ultimate destination was APCo's nuclear plant in Alabama. A bill of lading, introduced into evidence, showed that the trusses were consigned to: "Alabama Power Company; Farley Nuclear Plant; U.S. Highway 95 South; Columbia, Alabama 36319."
The complaint alleges, among other things, that Metro breached certain sales warranties and violated the Alabama Extended Manufacturers Liability Doctrine by fabricating the trusses with the defective welds.
The issue on appeal is whether Alabama has in personam
jurisdiction over Metro pursuant to either A.R.Civ.P. 4.2 (a)(2)(A) and (C), or 4.2 (a)(2)(I). Ultimately, we must decide whether application of Rule 4.2, so as to require Metro to appear and defend this cause in Alabama, is violative of constitutional due process. Holding that it is not, we reverse and remand.
Alabama's long-arm rule, A.R.Civ.P. 4.2 (a)(2), allows personal service over a nonresident defendant when that person is: "(A) transacting any business in this state; . . . (C) causing tortious injury or damage by an act or omission in this state . . .; . . . or (I) otherwise having some minimum contacts with this state and, . . . it is fair and reasonable to require the person to come to this state to defend an action." This state's long-arm procedure for service of process is as broad as the permissible limits of due process. SeeDeSotacho, Inc. v. Valnit Industries, Inc., 350 So.2d 447 (Ala. 1977); Schoel v. Sikes Corp., 533 F.2d 930 (5th Cir. 1976). See, also, A.R.Civ.P. 4.2, Committee Comments.
As our Court of Civil Appeals stated in Garrett v. Key Ford, Inc., 403 So.2d 923 (Ala.Civ.App. 1981):
 "`The ultimate test of in personam jurisdiction is "reasonableness" and "fairness" and "traditional notions of fair play and substantial justice."' Oswalt v. Scripto, Inc., 616 F.2d 191, 200 (5th Cir. 1980). That case merely restated the rule announced in the leading case of International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), that an in personam
judgment may be rendered against a nonresident if he has certain minimum contacts so that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice . .' 326 U.S. at 316, 66 S.Ct. at 158." 403 So.2d at 925.
In Alabama Waterproofing Company, Inc. v. Hanby,431 So.2d 141 (Ala. 1983), this Court determined that a guaranty agreement was signed by all the appellants, including the nonresident appellants. Although the nonresident appellants signed the guaranty in Mississippi, the guaranty was negotiated in Alabama, and guaranteed the performance of an Alabama corporation. In determining whether the nonresident appellants possessed sufficient contacts with this state for the trial court to obtain in personam jurisdiction, the Court examined all the relevant facts and *Page 329 
attendant circumstances of the case, and found that at the time they made the agreement, the guarantors could reasonably anticipate that if they breached their agreement they would be haled into court here.
Furthermore, Gray v. American Radiator and Standard SanitaryCorp., 22 Ill.2d 432, 176 N.E.2d 761 (1961) (favorably cited inMann v. Frank Hrubetz Co., 361 So.2d 1021 (Ala. 1978)), stands for the general proposition that "if a corporation elects to sell its products for ultimate use in another state, it is not unjust to hold it answerable there for any damage caused by defects in those products." 22 Ill.2d at 442,176 N.E.2d at 766.
In Mann, a manufacturer of a carnival ride, an Oregon corporation, was held subject to jurisdiction in Alabama because the manufacturer knew, or reasonably should have known, that the carnival ride would be used in Alabama. Thus, it did not violate due process to require the manufacturer to defend his suit in Alabama. See, also, Sells v. InternationalHarvester Co., 513 F.2d 762 (5th Cir. 1975); Duple MotorBodies, Ltd. v. Hollingsworth, 417 F.2d 231 (9th Cir. 1969).
As the Mann Court reiterated, the inquiry must center on fairness and convenience. See International Shoe Co. v.Washington, 327 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95
(1945). APCo argues, and we agree, that Alabama is the more convenient forum to litigate this dispute. Alabama law will govern the substantive questions, and the witnesses to the event are likely to be found in Alabama. Further, it is not unreasonable that Metro should anticipate that any problems with the trusses would occur in Alabama and that Metro could reasonably foresee being "haled into court" in Alabama for a tort committed here.
Metro heavily relies upon the decision reached by the United States Supreme Court in World-Wide Volkswagen Corp. v. Woodson,444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). While this case is the most recent pronouncement by that Court on the subject of in personam jurisdiction, we find the analysis inapposite to the case at bar. In World-Wide Volkswagen, the Court held that where an automobile wholesaler and retailer
carried on no activity whatsoever in Oklahoma, and availed themselves of no privileges or benefits of Oklahoma law, the fact that a single automobile, sold in New York to New York residents by a New York dealer, suffered an accident while passing through Oklahoma, did not constitute "minimum contacts" sufficient to allow Oklahoma courts to exercise jurisdiction.
Appellee fails to recognize that the manufacturer and theimporter of the automobile were not held to be beyond Oklahoma's "long-arm" jurisdiction. Indeed, only the wholesaler and retailer were dismissed. We find this distinction to be a material difference; and, thus, World-Wide Volkswagen's holding is not dispositive of the issue before us. Despite the fact that Metro did not solicit the business of fabricating the trusses in Alabama, it knew that the trusses would be used in Alabama by an Alabama corporation. This knowledge, coupled with the totality of the circumstances, is more than enough to meet the foreseeability test: that is to say, it was reasonably foreseeable that the trusses would make their way to Alabama; and, if they were defective, it is both reasonable and fair that Metro be required to defend a suit for damages in the Alabama courts. Were we to conclude otherwise, our "long-arm" rule would become, in effect, a nullity.
In conclusion, we hold that jurisdiction is proper over Metro; therefore, the judgment is due to be, and hereby is, reversed, and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., concurs in the result. *Page 330