BEATTY, Justice.
This is a petition for a writ of mandamus to the Honorable Arthur J. Hanes, Jr., Judge of the 10th Judicial Circuit of Alabama. The petition seeks to have Judge Hanes rescind his order declaring that the state of Alabama has in personam jurisdiction of petitioner in certain actions pending in the trial court, and to have this Court order Judge Hanes to grant the petitioner’s motion to quash service upon petitioner in those actions. The writ is denied.
After considering petitioner’s motion, together with the briefs and arguments of counsel, and after consideration of the authorities, Judge Hanes filed an extensive order denying petitioner’s motion. This Court has considered the applicable authorities, including the recent decision of this Court in Ex parte Newco Manufacturing Co., 481 So.2d 867 (Ala.1985), and, having found that Judge Hanes’s order complies with applicable law, adopts that order as its own. That order follows:
“Defendant, I.M.C., Inc., has filed a Motion to Quash Service attacking the jurisdiction of this court on the ground *725 that that defendant has insufficient contacts with this forum to vest in personam . jurisdiction of this cause. The court has heard the arguments of counsel and has considered the motion and response thereto, the briefs of the parties, as well as the evidentiary matters submitted in connection with the motion, including affidavits and depositions.
“At the outset it should be noted that Rule 4.2(a)(2), A.R.Civ.P., creates long-arm jurisdiction within this state to the full extent due process permits. As to I.M.C., this is a products liability action growing out of I.M.C.’s fabrication of a spare tire carrier in Indiana, installed in an army truck in Michigan, under a contract unrelated to Alabama, which allegedly resulted in an injury and death in Egypt. There is no dispute that the injuries did not occur within this state, that the alleged tortious act did not occur within this state, and that the alleged damages arose in no way as a consequence of any business done by I.M.C. within this state. Hence, the only question is whether I.M.C. has some minimum contact with this state which, under the circumstances of this case, renders it fair and reasonable to require the defendant to come to this state to defend this action.
“The accident made the basis of this suit occurred, in 1983 and the suit was filed on May 17, 1984. I.M.C.’s contacts with the State of Alabama apparently grew from a relationship between Ray E. George, formerly president of American Coaches, Inc., in Dothan, Alabama, and later an employee of Excellence, Inc., of Huntsville, Alabama, and Truman Cox of I.M.C. Through Mr. George, I.M.C. made sales in Alabama first to American Coaches, then to Excellence, as follows:
“9-30-81 9,600.00
2-11-82 5,848.00
2-25-82 15,648.81
3-3-82 1,803.80
5-13-82 6,474.81
6-15-82 5,304.34
12-16-82 357.98
12-6-82 220.02
12-17-82 827.38
12-17-82 62.07
2-1-83 110.02
4-22-83 1,314.69
6-8-83 1,459.50
8-2-83 1,459.50
4-27-84 2,068.74
11-12-84 270.74
2-3-85 156.72
2-8-85 ‘quotation made’
“In addition, Mr. Cox, on several occasions, stopped by American Coaches, Inc., in Dothan to visit Mr. George. As stated in Mr. George’s affidavit, ‘He would stop by American Coaches, Inc. in Dothan for a personal visit with me as we were good friends.’ Further, on at least one occasion, Mr. Cox came to Do-than to assist Mr. George in developing a new product which, in fact, resulted in sales from I.M.C. to American Coaches.
“The parties have, in excellent briefs, referred the court to many cases, including the recent United States Supreme Court cases of Helicopteros Nacionales de Colombia, S.A. v. Hall, [466 U.S. 408,] 104 S.Ct. 1868 (1984) [80 L.Ed.2d 404], and World-Wide Volkswagen Corp. v. Woodson, [444 U.S. 286,] 100 S.Ct. 559 [62 L.Ed.2d 490], (1980), and the Alabama Supreme Court case of Alabama Power Company v. V.S.L. Corporation, 448 So.2d 327 (Ala.1984). The cases teach there is no fixed formula by which the questions here presented are to be decided. In each case, jurisdiction stands or falls on the unique facts of that case. In World-Wide Volkswagen Corp., for instance, a New York automobile wholesaler and retailer were held not to be subject to in personam jurisdiction in Oklahoma. In that case, although the injury occurred in Oklahoma, the activities of the particular defendants were held not to be such that they ‘should reasonably anticipate being haled into court there.’ In Helicópteros, supra, extensive activities by the defendant within the State of Texas arising out of the purchase of a helicopter were held to be insufficient, in a case where the injury occurred outside the State of Texas. *726 Alabama Power Co. v. V.S.L., supra, allowed jurisdiction over a foreign manufacturer in an accident occurring in Alabama as a result of an allegedly defective product. Unlike World-Wide Volkswagen, V.S.L. intended to and did ship the allegedly defective product to Alabama and did derive income therefrom. Further, the court noted the convenience of Alabama to litigate the dispute and that Alabama law would govern substantive questions.
“The case here presented is distinguishable from all three cases in some respect or another. Here, Alabama law will not govern, but the litigation will be inconvenient in any forum in the United States, the accident having happened and the witnesses being in Egypt. The alleged legal responsibility does not grow out of the transaction of any business in the State of Alabama, hence the particular question here must be whether it is ‘fair and reasonable’ to require I.M.C. to defend this action in Alabama. That question can only be answered by looking at the facts presented.
“From all the evidence, it is apparent that I.M.C. has undertaken since 1981 to sell its products and provide assistance and consultation to businesses located in Alabama. This is unlike Helicópteros, supra, wherein the defendant made purchases, rather than sales, in the forum state. In conducting that business, I.M.C. availed itself of the protection of Alabama laws and could reasonably anticipate ‘being haled into court’ here. Although this accident did not arise out of any transaction by I.M.C. in Alabama, the court finds that the contacts with I.M.C. in Alabama constitute the kind of continuous and systematic general business contacts which can provide the basis for in personam jurisdiction.”
WRIT DENIED.
TORBERT, C.J., and FAULKNER, AL-MON and SHORES, JJ., concur.