This is an appeal by permission[1] by third-party defendant Atlanta Auto Auction, Inc. ("Atlanta Auction"), from the trial court's order denying Atlanta Auction's motion to dismiss James R. Garner's third-party complaint for lack of in personam jurisdiction. We affirm.
The sole issue in this case is whether Atlanta Auction had sufficient contacts with Alabama that, under the circumstances, it is fair and reasonable to require it to come to this state to defend this action. Rule 4.2(a)(2)(I), Ala.R.Civ.P.
The pertinent facts are as follows: Atlanta Auction is a Delaware Corporation, authorized to do business in the State of Georgia, with a single place of business located in Red Oak, Georgia. Atlanta Auction provides wholesale automobile auction services for automobile dealers, by providing an opportunity for automobile dealers to sell cars unsuitable for their business purposes and to purchase cars that will appeal to their customers. Third-party plaintiff James R. Garner, a retail dealer for G G Auto Sales, Inc., purchased a 1980 Buick Skylark automobile from Randy Miller, d/b/a Miller's Auto Sales, through the services of Atlanta Auction. Garner was a resident of Scottsboro, Alabama, at the time of the sale and paid for the automobile with his company's check drawn on a Scottsboro bank. In return he was issued an invoice for the automobile by Atlanta Auction, with his Scottsboro address on its invoice. In January 1984, Edward Knight, the original plaintiff in this case, purchased the 1980 Buick Skylark from G G Auto Sales, Inc. Thereafter, Knight filed a complaint against G G Auto Sales, Inc., and Garner, for fraud, breach of warranty, and negligence arising out of the sale of the subject automobile by G G and Garner to Knight. In response, Garner filed a third-party complaint against Miller and Atlanta Auction. Atlanta Auction filed a motion to dismiss Garner's third-party complaint on the grounds *Page 1335 
that the Jackson County, Alabama, Circuit Court lacked inpersonam jurisdiction.
In an affidavit filed in this cause, Garner stated that he had purchased numerous automobiles from Atlanta Auction prior to his purchase of the Buick Skylark and that at the time of each purchase Atlanta Auction knew that he was a resident of Alabama and that he and the company he worked for had their principal places of business in Jackson County, Alabama. Garner further stated that he regularly received brochures from Atlanta Auction regarding special sales and events to be held by it in the State of Georgia and had received other solicitations to buy and sell automobiles, through Atlanta Auction, periodically for many years. Garner was personally aware that other automobile dealers in the area of Alabama in which he lived also received solicitations for their business from Atlanta Auction.
These facts were before the trial court when it denied Atlanta Auction's motion to dismiss.
Atlanta Auction asserts that it is not qualified to do business in Alabama, that it does not have a personal representative in Alabama, and that it has never sent a representative to Alabama for any purpose pertaining to Garner and/or G G Auto Sales, Inc.; therefore, it argues that the trial court erred in denying its motion to dismiss for lack of in personam jurisdiction. We disagree.
 "It has long been established that physical presence in the state is not a prerequisite to effective service of process on a nonresident defendant; Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); see also Shrout v. Thorsen, 470 So.2d 1222 (Ala. 1985). What is required is that the out-of-state resident have 'some minimum contacts with this state [so that], under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action.' Rule 4.2(a)(2)(I), Ala.R.Civ.P.
 " ' "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " ' McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Alabama's long-arm statute (Rule 4.2, Ala.R.Civ.P.) has been interpreted by this Court to extend the jurisdiction of Alabama courts to the permissible limits of due process. DeSotacho, Inc. v. Valnit Industries, Inc., 350 So.2d 447 (Ala. 1977), Duke v. Young, 496 So.2d 37
(Ala. 1986)."
Dillon Equities v. Palmer Cay, Inc., 501 So.2d 459, 461
(Ala. 1986).
Rule 4.2(a), Ala.R.Civ.P., provides in pertinent part:
 "(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's. . . .
". . .
 "(I) . . . having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States."
It is uncontested that Atlanta Auction actively solicited Garner's business and through the mail services advertised its sales to be held in Georgia. It is also uncontested that Garner had purchased numerous automobiles from Atlanta Auction and transported them to Alabama to ultimately sell to his customers. Furthermore, at all such times, Atlanta Auction knew that both Garner and the company he worked for had their principal places of *Page 1336 
business in Scottsboro, Alabama. Based on the foregoing facts, we find that Atlanta Auction engaged in a "continuous and systematic" course of conduct in Alabama, albeit through mail services, that will support a reasonable exercise of jurisdiction by the courts of Alabama. See Ex parte Newco Mfg.Co., 481 So.2d 867 (Ala. 1985); Shrout v. Thorsen,470 So.2d 1222 (Ala. 1985); First National Bank of Pulaski, Tenn. v.Thomas, 453 So.2d 1313 (Ala. 1984).
Similarly, in Garrett v. Key Ford, Inc., 403 So.2d 923
(Ala.Civ.App. 1981), the Court of Civil Appeals wrote:
 "It is perfectly legitimate, as well as being consistent with good business practice, for a local or regional seller of goods in its television advertisements to pointedly seek customers from a named city or locality in an adjoining state. When a seller so specifically advertises, when they also solicit purchasers of their product by especially addressed mail as well as that directed to box holders, when they sell a product to a nonresident neighbor with knowledge that it will be utilized in that person's state of residence, and when, as here, the product happens to be a motor vehicle upon which they prepare and obtain the proper title instruments from the purchaser's home state, the minimum contact requirements have been met." 403 So.2d at 925.
Atlanta Auction "purposefully directed" its merchandising efforts toward the residents and businesses of another state. By so doing, Atlanta Auction "purposefully availed" itself of the privilege of making sales to, and profits from, Alabama residents through a continuous and systematic course of merchandising. For the privilege of conducting such activities, Atlanta Auction must bear the burden commensurate with the benefits received from its sales in Alabama. Ex parte NewcoMfg. Co., supra; Garrett, supra.
 "Jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." (Emphasis original.) (Citations omitted.)
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174,2184, 85 L.Ed.2d 528 (1985).
For the foregoing reasons, it is not unfair or unreasonable to require Atlanta Auction to come to Alabama and defend the present cause of action. Atlanta Auction's merchandising efforts provide sufficient contacts to support the denial of its motion to dismiss. The order of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, BEATTY and ADAMS, JJ., concur.
[1] See Rule 5, Ala.R.App.P.