941 So.2d 1214 (2006)
Frank BARANEK, et al., Appellants
v.
AMERICAN OPTICAL CORPORATION, et al., Appellees.
Nos. 4D05-9 to 4D05-94.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
*1215 David A. Jagolinzer, Case A. Dam and James L. Ferraro of The Ferraro Law Firm, Miami, for appellants.
Albert H. Parnell, Nathan M. Thompson and Evelyn M. Fletcher of Hawkins & Parnell, LLP, Atlanta, Georgia, for appellees Bayer Cropscience, Inc., Dana Corp., Dow Chemical Co., Ericsson, Inc., Flowserve Corp., Maremont Corp., Union Carbide Corp., and Zurn Industries, Inc.
STEVENSON, C.J.
Frank Baranek and more than eighty others filed suits in Palm Beach County against more than fifty defendants, seeking damages for injuries associated with asbestos exposure. The trial court dismissed the claims on forum non conveniens grounds. In this consolidated appeal, the plaintiffs/appellants challenge the manner in which the trial court conducted its analysis under Florida Rule of Civil Procedure 1.061 and Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla. 1996), and the sufficiency of the evidence supporting that analysis. For the reasons discussed below, we reverse the order of dismissal and remand for further proceedings consistent with this opinion.
Forum Non Conveniens Generally
"Forum non conveniens is a common law doctrine addressing the problem that arises when a local court technically has jurisdiction over a suit but the cause of action may be fairly and more conveniently litigated elsewhere." Kinney, 674 So.2d at 87 (footnote omitted). The doctrine "serves as a brake on the tendency of some plaintiffs to shop for the `best' jurisdiction in which to bring suit." Id. In Kinney, our supreme court found that the demands being placed on Florida's courts by the bringing of claims that did not have a substantial connection to the state warranted modification of Florida forum non conveniens law. Id. at 88. Thus, the supreme court adopted the four-part federal standard:
"[1] As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a . . . forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice."
Id. at 90 (quoting Pain v. United Technologies Corp., 637 F.2d 775, 784-85 (D.C.Cir. *1216 1980)). This four-part test now appears in Florida Rule of Civil Procedure 1.061.
The Proceedings Below
More than ninety complaints against the same fifty-three defendants, seeking damages for asbestos-related injuries, had been filed in the asbestos division of the Palm Beach County circuit court. Counsel for the plaintiffs was the same in all of these cases. Four of the defendants filed an untimely motion to dismiss on forum non conveniens grounds and a fifth defendant joined in the motion. Around this same time, Judge McCarthy, who was in the midst of a trial involving an asbestos claim brought by an Alabama resident for exposure that took place outside of Florida, became concerned about the number of out-of-state asbestos filings. Before the untimely motion to dismiss could be heard, Judge McCarthy sua sponte issued an order directing the plaintiffs to show cause as to why their cases should not be dismissed on forum non conveniens grounds. Following the hearing, the trial court retained jurisdiction over the one case alleging exposure in Palm Beach County, transferred eleven cases to other Florida counties, and dismissed eighty-three cases. This appeal involves only the eighty-three dismissed cases.
The bulk of the information concerning the plaintiffs comes from the "exposure sheets" appended to the complaints. Of the eighty-three plaintiffs, none reside in Florida. Thirty-five are Alabama residents who suffered all their asbestos exposure in Alabama. Twenty-one are Alabama residents who suffered most of their exposure in Alabama and none in Florida. Three are Alabama residents who suffered substantial exposure outside of Alabama, but none in Florida. Thirteen are Alabama residents who suffered some exposure in Florida. Four are Wisconsin residents who suffered all their exposure in Wisconsin. One is a Wisconsin resident who alleges exposure in Wisconsin from 1973 to 1990 and exposure in California, Illinois, and Jacksonville, Florida, during the years 1969-1973. Four reside in Maine, Rhode Island, and Pennsylvania and suffered all or most of their exposure in the northeast, but none in Florida. Two are Kentucky residents who suffered most of their exposure in Kentucky, but none in Florida.
The plaintiffs' complaints allege the defendants are foreign corporations, amenable to service in Florida. And, in opposing dismissal, the plaintiffs asserted five of the defendants, Bigham Insulation and Supply Company ("Bigham"), Metropolitan Life, Goodyear Tire & Rubber Company, Exxon Mobil, and Westinghouse Electric Corporation, had business locations in Palm Beach County, offering web site print-outs reflecting Palm Beach County addresses. Additionally, during the hearing precipitating the dismissal, an objection filed by Bigham's counsel, asserting the company conducted its business entirely within the State of Florida and was not amenable to service elsewhere, was offered. Bigham's counsel was not, however, present for the hearing or, for that matter, any other hearing during the preceding four years of litigation. The "exposure sheets" of a number of plaintiffs, however, alleged exposure to Bigham products in states other than Florida.
With this evidence before him, the trial judge determined dismissal was appropriate as to the eighty-three cases. As for the first Kinney factor, adequate, alternative forum, the order of dismissal details the law governing amenability to service of process and personal jurisdiction for the states of Alabama, Wisconsin, Rhode Island, Kentucky, Pennsylvania, California, New Jersey, New Hampshire, and Massachusetts and concludes an adequate, alternative *1217 forum exists for each of the eighty-three cases dismissed. The lower court next found the "private interests" factor favored dismissal as access to evidence was no greater in Palm Beach County, and to the contrary, access to witnesses, job sites, and treating medical providers would be greater in the alternative forums. With respect to the "public interests," the trial judge found that the cases had no connection to Palm Beach County and yet trials in the myriad pending cases would consume enormous judicial resources at the expense of Palm Beach County taxpayers. Finally, the court concluded the eighty-three plaintiffs could reinstate their claims in the alternative forums without undue prejudice, relying upon that portion of Kinney providing that a party moving for dismissal on forum non conveniens grounds will be deemed to have stipulated that, in the alternative forum, the action will be treated as though it had been filed on the date it was filed in Florida. Despite the discretion afforded trial judges in this arena, we are obliged to reverse the dismissal of the eighty-three cases as the evidence before the lower court was insufficient to support a finding that an adequate, alternative forum, wherein the claims could be re-instituted, existed. See Fla. R. Civ. P. 1.061(a) (stating that "decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion"); Ira Mex, Inc. v. Se. Interior Constr., Inc., 777 So.2d 1107, 1108-09 (Fla. 4th DCA 2001).
The existence of an adequate, alternative forum is critical to the forum non conveniens analysis; if there is no adequate, alternative forum, the inquiry ends and dismissal is not proper. See, e.g., Sanwa Bank, Ltd. v. Kato, 734 So.2d 557, 562 (Fla. 5th DCA 1999). "Ordinarily, this requirement will be satisfied when the defendant is `amenable to process' in the other jurisdiction." Kinney, 674 So.2d at 90 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Here, though, there are fifty-three defendants; thus, in order for the case to be dismissed from the Palm Beach County circuit court's docket, there must be another jurisdiction that is able to exercise personal jurisdiction over all the defendants named by the plaintiff. See Fla. R. Civ. P. 1.061(a)(1); Kinney, 674 So.2d at 90. The trial judge found Alabama would provide an alternative forum for seventy-two of the cases, Wisconsin an alternative forum for five, Rhode Island an alternative forum for two, Kentucky an alternative forum for two, and Pennsylvania, California, New Jersey, New Hampshire, and Massachusetts an alternative forum for one each.[1] In so doing, the trial judge made no specific findings regarding the defendants' activities or actions in the proposed forum state; rather, each paragraph addressing the respective state's long-arm statutes and requirements for the exercise of personal jurisdiction simply begins with the finding "[u]nder the allegations of the plaintiffs' complaints, defendants are amenable to service of process in [insert state] and subject to the jurisdiction of the [insert state] courts."
The difficulty with the trial court's conclusion that these states will provide an adequate, alternative forum is that there was simply insufficient evidence before the court to permit a conclusion that the plaintiff would be able to bring suit against each of the fifty-three defendants in that alternative forum. The defendants/appellees suggest the exposure sheets attached *1218 to each complaint provide sufficient information to demonstrate each defendant is amenable to service of process in these other states as the "allegations of widespread, repeated exposure to [d]efendants' products in the alternative jurisdiction were a reasonable basis on which to find that these alleged exposures were not isolated or unusual incidents but were instead indicative of purposeful activity directed toward the alternative forums." The exposure sheets for each plaintiff list the defendant's name, the type of product, the location of the job site where the exposure occurred, and the time frame during which the exposure occurred. This information, though, tells us only where the products wound upnot how they got there. And, without knowing the nature of the business activities that resulted in a product's presence in a particular location, there is simply not enough evidentiary support to find that all the defendants purposefully availed themselves of the markets of the alternative forum states and all will be amenable to process in those states. See, e.g., World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (addressing "purposeful availment" and looking to whether product's being in forum state is the result of the defendant's efforts to serve, directly or indirectly, that market); Paz v. Brush Engineered Materials, Inc., 445 F.3d 809, 813 (5th Cir.2006) (discussing "purposeful availment" in terms of whether defendant sold product knowing it would be used in the forum state); Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1357 (11th Cir.2000) ("The stream of commerce test for jurisdiction is met if the nonresident's product is purchased by or delivered to a consumer in the forum state, so long as the nonresident's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there for claims arising out of that conduct.").
The case of Dennis Boyd, a Maine resident for whom the trial court found New Hampshire to be an alternative forum, is illustrative. Boyd's exposure sheet reflects he was exposed to "asbestos containing packing and gaskets" manufactured by A.W. Chesterton Company while on board the USS Independence in Norfolk, Virginia, and while at Simplex Wire & Cable in Newington, New Hampshire. His exposure at Simplex began in January 1979 and ended in December 1980, and only it can provide support for the trial court's inherent finding that the New Hampshire courts may assert jurisdiction over A.W. Chesterton Company. The trial court's order provides the following with respect to New Hampshire law:
A court must engage in a two-step analysis to determine whether jurisdiction over a nonresident defendant comports with due process: first, does the defendant have "minimum contacts" with the forum state, and, second, does assertion of personal jurisdiction offend traditional notions of fair play and substantial justice. Lex Computer & Management Corp. v. Eslinger & Pelton, P.C., 676 F.Supp. 399 (D.N.H.1987).
For purposes of jurisdiction under a long-arm statute, minimum contacts are established when a defendant "purposefully directs" his activities to residents of the forum state, and the litigation results from alleged injuries that "arise out of or relate to" those activities. Id.

All we know from the exposure sheet is that a product made by A.W. Chesterton Company found its way into a building in Newington, New Hampshire, and that plaintiff Boyd was in that building. We do not know whether A.W. Chesterton Company ever engaged in business in New Hampshire, marketed to New Hampshire, *1219 or engaged in business with some other party and placed its product into the stream of commerce knowing the product would likely end up in New Hampshire. Consequently, the information supplied by the exposure sheet is insufficient to conduct the analysis required under the very New Hampshire law the court found applicable.[2]
The parties' arguments concerning Bigham and even some of the authority cited in the trial court's order further illustrate the point. The plaintiffs/appellants insist Bigham is not subject to personal jurisdiction in any state other than Florida, pointing to an objection filed by its counsel attesting the company does not do business in any state other than Florida and has no offices outside of Florida. The defendants/appellees insist, and the trial court found, that this is inconsistent with the allegations of the plaintiffs' complaints alleging exposure in Alabama and other states. These arguments, though, beg the questionhow did Bigham's products wind up in these other states? There is no evidence on this issue and this is the critical issue for assessing whether Bigham can be sued in Alabama and these other states, i.e., whether Bigham purposefully availed itself of the privilege of doing business in these other forums or engaged in activity such that it was foreseeable that its product would enter these other forums. Page nine of the order appealed cites Sells v. International Harvester Co., 513 F.2d 762 (5th Cir.1975), for the proposition that "it did not violate due process to require a manufacturer to defend a products liability action in Alabama because the manufacturer sold its product to a national distributor knowing the product would be used in all states." Here, neither the allegations of the complaint nor the exposure sheets provide any indication that the defendant companies sold their product to a national distributor knowing the product would be used in all states.
Apart from the lack of evidence supporting a finding that each of the fifty-three defendants will be amenable to service of process in the alternative forum, there is another obstacle to dismissal in this case. The plaintiffs/appellants argue that the alternative states will not provide an "adequate" forum due to the running of the relevant statutes of limitation. The trial court addressed this matter in factor four, which requires the judge to ensure that the suit can be reinstated "without undue inconvenience or prejudice," see Fla. R. Civ. P. 1.061(a)(4), and concluded such factor did not preclude dismissal as Kinney holds that every motion for dismissal on forum non conveniens grounds will be deemed to stipulate that the action will be treated as though it had been filed in the alternative forum on the date it was filed in Florida. Here, though, the dismissal on forum non conveniens grounds was not precipitated by a motion filed by the defendantsrather, it was brought about by the judge. And, while a few defendants had earlier filed an untimely motion for dismissal on forum non conveniens grounds, not all defendants joined in the motion. In fact, defendant Bigham objected. The trial court's order fails to address this issue and nothing in Kinney or rule 1.061 purports to authorize the trial court to require a non-moving, objecting defendant to waive a statute of limitations defense or to stipulate that it will treat the claim, once re-filed in the alternative forum, as filed on the same date it was filed in Florida. Indeed, subsection (b) of rule *1220 1.061 provides that "[a] forum-non-conveniens dismissal shall not be granted unless all defendants agree to the stipulations required by subdivision (c) and any additional stipulations required by the court." (emphasis added).
For the reasons discussed, the order of dismissal is hereby reversed and the matter remanded for further proceedings. Our reversal is without prejudice to the trial court's right to revisit this issue and, again, order dismissal provided that the parties present evidence establishing the individual plaintiffs can bring suit against all of the defendants in the alternative forums and that the statute of limitations issue is adequately addressed to ensure the plaintiffs are not denied a remedy. As a consequence of the possibility that these issues will again be before the trial court, we note that we find no fault with the trial court's analysis regarding the second and third Kinney factors nor do we find merit in any other issues raised and not specifically addressed in this opinion.
Reversed and Remanded.
SHAHOOD and MAY, JJ., concur.
NOTES
[1] These numbers add up to more than the eighty-three dismissed cases as the trial court found that, for some plaintiffs, there was more than one possible alternative forum.
[2] We should also point out that Boyd's exposure sheet does not reflect exposure in New Hampshire as to all defendants.