# Third District Court of Appeal

## State of Florida

Opinion filed December 9, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2504
Lower Tribunal No. 16-29900
_____

## Poultry and Industrial Suppliers, Inc.,
Appellant,

vs.

## Incubacol, S.A.S.,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Homer Bonner Jacobs Ortiz, and Christopher J. King and Antonio M. Hernandez, Jr., for appellant.

Eaton & Wolk PL, and Douglas F. Eaton, for appellee.

Before EMAS, C.J., and GORDO and BOKOR, JJ.

EMAS, C.J.

## INTRODUCTION

Poultry and Industrial Suppliers, Inc. ("PIS"), the defendant below, appeals an order denying its motion to dismiss the second amended complaint of Incubacol, S.A.S. ("Incubacol"), the plaintiff below, on the basis of forum non conveniens. For the reasons that follow, we affirm in part and reverse in part.

## FACTS AND BACKGROUND

Incubacol, a Colombian company that breeds poultry, filed suit in Miami-Dade County against PIS, a Florida corporation, following its distribution of allegedly faulty farm equipment to Incubacol, which caused it to lose more than 5,500 chickens in December 2015.

In its original complaint, Incubacol sued PIS, who distributed the alleged faulty poultry system; Chore Time, an Indiana company that manufactured the alleged faulty poultry equipment; and Pro-Tech, a North Carolina company that manufactured the alarm system installed in the poultry equipment. Incubacol alleged three counts against all three defendants: breach of implied warranty, strict liability for the alleged manufacturing defect, and negligent inspection.

Pro-Tech and Chore Time moved to dismiss for lack of personal jurisdiction, and PIS moved to dismiss for forum non conveniens. Before these motions were heard, Incubacol filed suit against Chore Time in Indiana in November 2017, alleging the same claims it had alleged against Chore Time in the Florida action.

Thereafter, Incubacol voluntarily dismissed Chore Time and Pro-Tech from the Florida action, leaving PIS as the remaining defendant in the instant case.

In its motion to dismiss based on forum non conveniens, PIS asserted, inter alia, that the poultry equipment was manufactured in North Carolina and Indiana, and shipped directly to Colombia, where it was installed and inspected prior to its use. PIS contended the case should be litigated in either Indiana or Colombia, but should not be litigated in Florida.

In response to the motion to dismiss, Incubacol contended that Miami-Dade County is not an inconvenient forum. As to the proposed alternative forum of Colombia, Incubacol filed the affidavit of Colombian attorney and law professor, Jaime Alberto Arrubla-Paucar, who averred, as a Colombian legal expert,[1] that it was not legally possible for a Colombian court to hear the alleged claims against PIS because those courts would have no jurisdiction to hear such claims against producers of goods from foreign countries. PIS filed no evidence to controvert the specific averments of Incubacol's Colombian law expert, but instead relied upon

---

[1] According to his affidavit, Arrubla-Paucar is currently a professor of commercial obligations, contracts and commercial law at five Colombian universities, and is the author of a four-volume legal guidebook "Contratos Mercantiles." Between 2004 and 2012, he previously served as a Judge of the Civil Chamber of the Supreme Court of Justice of Colombia, the highest judicial body in Colombia for civil and commercial matters. He served as President of the civil chamber in 2005, Vice-President of the Court in 2009, and President of the Court in 2010.

3

general case law that found (under the facts of those cases) that Colombia was an available and adequate alternative forum.

After a hearing, the trial court denied the motion to dismiss for forum non conveniens, finding that Colombia was not an adequate, available forum. However, the court did not address the adequacy and availability of Indiana as an alternative forum, nor any of the other factors set forth in Kinney Systems, Inc. v. Continental Insurance Co., 674 So. 2d 86 (Fla. 1996).

We review the trial court's determinations for an abuse of discretion. Ryder Sys., Inc. v. Davis, 997 So. 2d 1133 (Fla. 3d DCA 2008). We note, however, this standard "has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judge's analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions." Kawasaki Motors Corp. v. Foster, 899 So. 2d 408, 410 (Fla. 3d DCA 2005) (citations omitted).

**DISCUSSION AND ANALYSIS**

As the Florida Supreme Court has observed: "The common law doctrine of forum non conveniens, which translates to mean 'inconvenient forum,' is an equitable, judicially crafted rule designed to allow a court to dismiss, in certain limited circumstances, a lawsuit with little connection to Florida that would be better suited and fairly litigated elsewhere." Cortez v. Palace Resorts, Inc., 123 So. 3d 1085, 1090 (Fla. 2013). "The doctrine 'serves as a brake on the tendency of some

4

plaintiffs to shop for the best jurisdiction in which to bring suit.'" <u>Baranek v. Am. Optical Corp.</u>, 941 So. 2d 1214, 1215 (Fla. 4th DCA 2006) (quoting <u>Kinney</u>, 674 So. 2d at 87).

**<u>Colombia as an Adequate Alternative Forum</u>**

The first step a trial court must take in assessing whether to dismiss claims on the basis of forum non conveniens is to "ascertain whether there is another adequate forum available to hear the case." <u>Cortez</u>, 123 So. 3d at 1091. <u>See also</u> Fla. R. Civ. P. 1.061(a); <u>Kinney</u>, 674 So. 2d at 90. "An alternative forum is 'available' when that forum can assert jurisdiction over the litigation sought to be transferred." <u>Cortez</u>, 123 So. 3d at 1091-92. "'A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.'" <u>Id.</u> at 1092 (quoting <u>Ciba-Geigy Ltd. v. Fish Peddler, Inc.</u>, 691 So. 2d 1111, 1115 (Fla. 4th DCA 1997)). Although "a forum may be inadequate if it is grossly inefficient or given to extreme levels of partiality, . . . [c]ourts have been strict about requiring that defendants demonstrate that the alternative forum offers at least some relief.'" <u>Id.</u> at 1092 (internal quotations omitted). "[D]ismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute." <u>Id.</u>

In the instant case, PIS asserted there were two alternative fora that would have a more significant connection with the litigation than Florida: Colombia and

5

Indiana. In response to the motion to dismiss, Incubacol filed with the court the affidavit of a Colombian legal expert, who opined, *inter alia*, that it would be a legal impossibility to litigate these claims in Colombia because the courts there would not have jurisdiction over this type of dispute. Based on the expert affidavit, and no competing evidence from PIS to controvert the legal expert's opinion in this regard, the trial court properly concluded that Colombia is not an adequate and available forum for this litigation, and thus properly denied the motion to dismiss the Florida litigation in favor of that alternative forum.[2]

### Indiana as an Adequate Alternative Forum

However, the trial court's order—and the hearing transcript—are devoid of any discussion or analysis on the second alternative forum of Indiana. The trial court made no determination whether Indiana was adequate and available and, if so, whether the remaining Kinney factors weigh in favor of the present forum or Indiana. The trial court's failure to consider the adequacy and availability of each

---

[2] And if there was no other adequate available alternative forum to consider, the trial court would have been correct in denying dismissal without addressing the remaining Kinney factors. See Bridgestone/Firestone N. Am. Tire, LLC v. Garcia, 991 So. 2d 912, 917 (Fla. 4th DCA 2008) (holding that where the trial court properly concluded that the alternative forum is unavailable or inadequate, it is unnecessary to consider the remaining Kinney factors because "the availability and adequacy of the alternative forum is a prerequisite to dismissal on forum non conveniens grounds"); Baranek v. Am. Optical Corp., 941 So. 2d 1214, 1217 (Fla. 4th DCA 2006) (holding: "The existence of an adequate, available forum is critical to the forum non conveniens analysis; if there is no adequate, alternative forum, the inquiry ends and dismissal is not proper").

alternative forum—here, the failure to consider Indiana—was an abuse of discretion. See e.g., <u>Tananta v. Cruise Ships Catering & Servs. Int'l, N.V.</u>, 909 So. 2d 874 (Fla. 3d DCA 2004) (noting court's consideration of whether an adequate available forum exists is a prerequisite to its determination on a motion to dismiss for forum non conveniens); <u>TRW Auto. U.S. LLC v. Papandopoles</u>, 949 So. 2d 297 (Fla. 4th DCA 2007) (noting trial court erred in failing to consider additional alternative forum raised by the defendant).

We decline the invitation to apply <u>Kinney</u> for the first time on appeal. This is not a case where, in the absence of any meaningful analysis in the trial court's order, there is nevertheless a transcript establishing that the trial court engaged in "an adequate analysis of the <u>Kinney</u> factors during the hearing itself . . . ." <u>ABA Capital Mkts. Corp. v. Provincial de Reaseguros, C.A.</u>, 101 So. 3d 385, 388 (Fla. 3d DCA 2012). Instead, neither the transcript nor the order evidences a sufficient or meaningful analysis of the <u>Kinney</u> factors as it pertains to Indiana as an adequate alternative forum. <u>See also</u> <u>Johnny's Pool Super Ctr., Inc. v. Foreverpools Caribbean, LLC</u>, 45 Fla. L. Weekly D2076 at *2 n.1 (Fla. 3d DCA Sept. 2, 2020) (observing that "generally, an order denying a motion to dismiss for forum non conveniens will be reversed where neither the order nor the hearing transcript establishes that the trial court engaged in a meaningful analysis of the relevant,

requisite <u>Kinney</u> factors.  <u>See, e.g.</u>, <u>Tome v. Herrera-Zenil</u>, 273 So. 3d 140 (Fla. 3d DCA 2019); <u>Camperos v. Estrella</u>, 126 So. 3d 351 (Fla. 3d DCA 2013)").

## **CONCLUSION**

We therefore affirm the trial court's order insofar as it concluded that Colombia was not an adequate, available forum.  However, we reverse the balance of the trial court's order because it failed to conduct a proper and adequate analysis with respect to Indiana.  We remand for the trial court to conduct an adequate forum non conveniens analysis (with respect to Indiana) pursuant to <u>Kinney</u> and Rule 1.061(a), and for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded with instructions.